Vernon W. Rennick (also known as Vernon Rennick) v. Commissioner.
Rennick v. Commissioner
Docket No. 40053.
United States Tax Court
T.C. Memo 1954-17; 1954 Tax Ct. Memo LEXIS 218; 13 T.C.M. (CCH) 397; T.C.M. (RIA) 54123; April 30, 1954, Filed *218 Held, petitioner is entitled to dependency credits for his two children, who resided with his former wife during the taxable years involved, since he provided over one-half the support of each child. Franklin C. Stark, Esq., Financial Center Building, Oakland, Calif., for the petitioner. Wayne L. Prim, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves deficiencies in income tax asserted against Vernon W. Rennick (hereinafter referred to as petitioner) in the amounts of $196.44 and $199 for the years 1948 and 1949, respectively. The sole issue is whether petitioner is entitled to dependency credits for the years 1948 and 1949 for the two children born during his former *219 marriage to Dorothy Ann Rennick. Findings of Fact Petitioner is a resident of California, but filed his income tax returns for 1948 and 1949 with the collector of internal revenue for the first district of Missouri, where he formerly resided. Petitioner and his former wife, Dorothy Ann Rennick, were divorced on October 29, 1947. Under the terms of the decree, the custody of their two minor children, Vernon Rodger Rennick and Shirley Ann Rennick, was awarded to the mother. The decree also provided that petitioner pay the sum of $15 per week for the support and maintenance of the children, the first payment to commence on November 2, 1947. During the years 1948 and 1949, the children resided with their mother in Washington, Missouri. Vernon Rodger Rennick was 3 years of age and Shirley Ann Rennick was 2 years of age in 1948. The petitioner paid to his former wife by money orders at least $690 in both 1948 and 1949 for the support of their two children. The total amount expended for the support of the children during these years did not exceed the following: 1948
1949
For Vernon Rodger Rennick
$ 681.60
$ 651.78
For Shirley Ann Rennick
670.55
642.29
Total
$1,352.15
$1,294.07
*220 Petitioner provided over one-half of the support of each of the children during 1948 and 1949. Opinion RICE, Judge: To overcome respondent's determination that the petitioner is not entitled to dependency credits for each of his children for 1948 and 1949, petitioner must show that his contributions during those years were over one-half the total amounts expended for their support. Section 25(b) of the Internal Revenue Code. The mother of the children testified as to the amounts she had spent for the support of each of the children during these years; and both petitioner and respondent have accepted and used these amounts as the basis of their arguments. In view of all the testimony as to the standard of living maintained in the support of the children, we have incorporated these amounts into our findings of fact. Therefore, the only remaining factual issue is as to the total amounts contributed by the petitioner. He was required, pursuant to the decree of divorce, to pay $15 per week to his former wife for the support of their two children. His usual practice was to purchase a $15 money order on pay day and forward it to his former wife; and, if he *221 skipped a week, he would send a $30 money order the subsequent week. He testified that he had sent a total of $814.40 in 1948 and $787.50 in 1949. He submitted into evidence money order receipts, in $15 and $30 denominations, totaling $690 for 1948 and $690 for 1949, stating that he had been unable to locate receipts for the balance of the amounts he contends were remitted to his former wife. However, she testified that she had received but $675 in 1948 and $500 in 1949. Petitioner's testimony was forthright and convincing, and we are convinced that he sent her at least the amounts represented by these receipts; and, on the basis of these alone, he has shown that he contributed over one-half the children's support in 1948 and 1949. He is, therefore, entitled to dependency credits for each of his children for both 1948 and 1949. We do not have before us and are not concerned with dependency credits which respondent has previously allowed to petitioner's former wife for these same years. Decision will be entered for the petitioner.